MERMAID, The (BRITISH CONSUL v.). See Case No. 1,897.

---

### Case No. 9,460.
### MERRIAM v. CLINCH.
[6 Blatchf. 5.] [1]

Circuit Court, S. D. New York. Dec. 14, 1867.

OFFICERS—COLLECTOR OF CUSTOMS—FEES—DEPUTY —ABSENCE—DEATH.

1. Under the 22d section of the act of March 2, 1799 (1 Stat. 644), where the deputy of a collector of the customs acts for the collector, in cases of occasional and necessary absence and of sickness, the collector still acts, but acts by the deputy, and is entitled to all the perquisites and emoluments of the office; but, where the collector is disabled or dies, the duties and authorities vested in him devolve on the deputy, and the perquisites and emoluments which accrue to the office of collector, after such disability or death, do not belong to the collector, or to his estate.
[Cited in Chadwick v. Earhart, 11 Or. 389, 4 Pac. 1181.]

2. No officer is entitled to the emoluments of an office for any longer period than the period during which he holds the office.

3. The provisions of the statutes of the United States on that subject, cited.

4. The right to the compensation attached to an office grows out of the discharge of the duties of such office, and its emoluments do not belong to a person who does not discharge its duties.

This was a final hearing, on pleadings and proofs, of a suit originally brought in a state court, and removed into this court by certiorari. Preston King, while holding the office of collector of customs for the district of the city of New York, died, on the 13th of November, 1865, at said city, intestate. The plaintiff [Ela N. Merriam] was appointed his administrator, on the 25th of November, 1865, by the surrogate of St. Lawrence county, New York. Mr. King became such collector on the 1st of September, 1865. On the 22d of September, 1865, Mr. King, by an instrument in writing executed by him, under his hand and official seal, appointed the defendant "special deputy collector of customs." The ma-

---

[1] [Reported by Hon. Henry B. Brown, District Judge, and here reprinted by permission.]

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

terial parts of that instrument were in these words: "District of the City of New York. To Charles P. Clinch. By virtue of the powers vested in me by the 22d section of the act of March 2d, 1799, chapter 28, and in pursuance of the treasury circular of February 1st, 1850, appended to the treasury circular of April 3d, 1842, I hereby constitute and appoint you special deputy collector of the customs, within this district, to act for me during my absence or sickness, and, in case of my disability or death, the duties and authorities vested in me as collector will, by law, devolve on you, my special deputy." From the time of the death of Mr. King until the 16th of May, 1866, the defendant acted as collector of customs for said district, under said appointment as special deputy. During that time, large sums of money accrued and became due and payable, for the salary of the collector of customs of said district, and for fines, penalties, and forfeitures. The plaintiff claimed that these sums pertained, as perquisites of office, to such collector, and came into the hands of the defendant in a fiduciary capacity, as the servant, agent, and special deputy of Mr. King. He averred that the defendant claimed to hold and retain such sums in his own right, and refused to account for them, or pay them over to the plaintiff. The prayer of the bill was, in substance, that the defendant pay over to the plaintiff all such moneys as had come into the hands of the defendant, as such servant, agent, and special deputy of Mr. King, as such collector, on account of the salary of the collector of said district, and on account of the share of fines, penalties, and forfeitures, and other perquisites of office, pertaining to said office, accruing or arising between November 13th, 1865, and May 16th, 1866. The defendant, prior to his said appointment as special deputy was appointed assistant collector of customs at the port of New York, under section 16 of the act of March 3, 1863 (12 Stat. 753), and, from the time of his said appointment as such assistant collector, until the 16th of May, 1866, he received and retained a salary as such assistant collector, at the rate fixed by law for that office, $5,000 per annum, and, in addition, he received and retained, from the 13th of November, 1865, to the 16th of May, 1866, the full salary allowed by law to the collector, and the share of fines, penalties, and forfeitures allowed by law to the collector.

E. G. Ryan and Charles G. Myers, for plaintiff.

Thomas Simons, Asst. Dist. Atty., and Nelson K. Wheeler, for defendant.

BLATCHFORD, District Judge. The question involved in this case arises under the 22d section of the act of March 2, 1799 (1 Stat. 644). That section provides, that "every collector, * * * in cases of occasional and necessary absence and of sickness, and not

otherwise, may * * * exercise and perform" his "functions, powers, and duties, by deputy, duly constituted" under his hand and seal, "for whom, in the execution of his trust," he "shall be answerable;" and "that, in case of the disability or death of a collector, the duties and authorities vested in him shall devolve on his deputy, if any there be, at the time of such disability or death, for whose conduct the estate of such disabled or deceased collector shall be liable." The section provides for two classes of cases in which the collector is unable to discharge himself the duties of his office. The first class is where the collector is necessarily occasionally absent, or is sick. The second class is where the collector is disabled or dead. In the first class of cases, the collector does not cease to exercise or perform the functions, powers, or duties of his office. On the contrary, by the express language of the section, he continues to exercise and perform such functions, powers, and duties, but he exercises and performs them by his deputy. Such deputy must be duly constituted such deputy under the hand and seal of the collector, and the collector is made answerable for the execution, by such deputy, of his trust. In the second class of cases, that is, the disability or death of the collector, the duties and authorities vested in him devolve on his deputy, if there be one at the time of such disability or death, that is, on the deputy whom the section thus authorizes him to constitute; and the estate of such disabled or deceased collector is made liable for the conduct of such deputy. In the second class of cases, if there be a deputy, the collector does not continue to exercise and perform the functions, powers, and duties of the office by the deputy, but the duties and authorities before vested in the collector devolve on the deputy; and, in such second class of cases, if there be no deputy, then, by a provision in the same section, the duties and authorities before vested in the collector devolve on the naval officer of the same district, if any there be, and, if there be no naval officer, then on the surveyor of the port, if any there be, and, if there be none, then on the surveyor of the nearest port in the district. The section also provides, that the authorities of the person empowered to act in the stead of a disabled or dead collector shall continue until a successor to such collector shall be duly appointed and ready to enter upon the execution of his office If, under this section, there is no person empowered to act in the stead of the disabled or dead collector, then the duties and authorities before vested in the collector do not devolve on any one.

Now, where a deputy, constituted under this law, acts for the collector, in cases of occasional and necessary absence and of sickness, the collector still acts, but acts by the deputy, and is entitled to all the perquisites and emoluments of the office, as fully, while so acting by deputy, as if he did not so act by deputy. But, when the collector is dis-

abled or dies, then the duties and authorities vested in him devolve on the deputy thus constituted. The collector, in such case, whether he be disabled or dead, does not exercise or perform his functions, powers, and duties, by such deputy, nor does he act by such deputy, nor is he entitled to the perquisites and emoluments of the office, which he would have been entitled to, if he had not become disabled or had not died. The duties and authorities of the office devolve on such deputy, if there be one, and, if there be none, then on the other officers successively, who are designated in the section. The word "authorities" is broad enough to include the emoluments of the office. The "duties" of the office include the obligations which the officer owes to superior authority and to the public. The "authorities" of the office are the powers and prerogatives with which the office is clothed, connected with the discharge of his duties, including, not only such powers as are necessary to enable him to discharge his duties properly, but the right and the power to demand and receive the emoluments attached by law to the office.

These views accord with settled principles. The constitution of the United States (article 2, § 6) provides, that "in case of the removal of the president from office, or of his death, resignation, or inability to discharge the powers and duties of the said office, the same shall devolve on the vice president." The provision, in this section of the constitution, that the powers and duties of the office of president shall devolve on the vice president, is identical, in legal effect, with the provision, in the 22d section of the act of 1799, that the authorities and duties vested in the collector shall devolve on his deputy. Three times, since the adoption of the constitution, the president has died, and, under the provision referred to, the powers and duties of the office of president have devolved upon the vice president. All branches of the government have, under such circumstances, recognized the vice president as holding the office of president, as authorized to assume its title, and as entitled to its emoluments. The vice president holds the office of president until a successor to the deceased president comes to assume the office, at the expiration of the term for which the deceased president and the vice president were elected. The deputy, under section 22 of the act of 1799, holds the office of collector, until a successor to the disabled or deceased collector is duly appointed, and ready to enter upon the execution of his office. It has never been supposed that, under the provision of the constitution, the vice president, in acting as president, acted as the servant, or agent, or locum tenens of the deceased president, or in any other capacity than as holding the office of president fully, for the time being, by virtue of express authority emanating from the United States. So, in the case of the collector, the deputy, in acting as collector, after the death

of the collector, who constituted him such deputy, does not act as the servant or agent of the deceased collector, but holds the office of collector fully, for the time being, by virtue of express authority emanating from the United States. The fact that, in the one case, the constitution itself designates the person on whom the powers and duties of the office shall devolve, and that, in the other case, the collector is authorized, before his decease, to designate such person, makes no difference in the principle. The person so legally designated becomes, when he assumes the powers and duties so devolved upon him, the direct agent of the government, and not the agent or servant of any individual who may have designated him.

It is, also, a well established principle, that no officer is entitled to the emoluments of an office for any longer period than the period during which he holds the office. And the legislation of congress is to this effect. The purport of the statutory provisions on the subject of the compensation of public officers—Act March 3, 1839, § 3 (5 Stat. 349); Act Aug. 23, 1842, § 2 (5 Stat. 510); Act Aug. 26, 1842, § 12 (5 Stat. 525); Act Sept. 30, 1850, § 1 (9 Stat. 542, 543)—is, that no person is entitled to receive the emoluments of an office which he does not hold. Opinion of Attorney General Crittenden, 5 Op. Attys. Gen. 768.

In the present case. Mr. King, by his death, ceased to hold the office of collector; and not only so, but the duties and authorities before that time vested in him, then devolved on the defendant, because the defendant had, during the lifetime of Mr. King, been duly constituted by him his deputy, in accordance with the provisions of the 22d section of the act of 1799. The designation of the defendant as deputy, made by Mr. King, was made strictly in accordance with those provisions. The instrument refers to the section, and then states, that Mr. King constitutes and appoints the defendant special deputy collector of the customs, within the district of the city of New York, to act for him during his absence or sickness, and then adds, "and, in case of my disability or death, the duties and authorities vested in me as collector, will, by law, devolve on you, my special deputy."

I am unable to see any ground upon which the right of Mr. King to the emoluments of the office of collector, after his death, can rest. It is urged, that the provision of the section in question, which declares that the estate of the deceased collector shall be liable for the conduct of the deputy, gives to the estate of the deceased collector a title to the emoluments of the office, during its administration by the deputy. Indeed, the claim of the plaintiff seems to be put wholly on that provision; and the idea that the defendant, in administering the office, under his appointment as such deputy, acted as the servant or agent of Mr. King, and not as a direct agent of the government, can rest on nothing but that provision. But that provision cannot

have the effect claimed for it. Under that clause of the 22d section which relates to the absence and sickness of the collector, he is entitled to the emoluments of his office while he is so absent or sick, and yet he is expressly, by the section, made answerable for the execution of the trust of his deputy, during such absence or sickness. But he is entitled to such emoluments in that case, not because he is answerable for the acts of his deputy during such absence or sickness, but because he himself, by the very terms of the act, still execises and performs the functions, powers, and duties of the office, although he does so by deputy. Under that clause of the same section which relates to the disability and death of the collector, he is not entitled to the emoluments of the office, after he dies, although his estate is, by the section, expressly made liable for the conduct of the deputy whom he designates. The reason why he is not entitled to such emoluments in that case, is, because he ceases, by his death, to hold the office, and to exercise or perform its functions, powers, and duties. The liability of his estate for the conduct of the deputy, after his death, is a special liability, attached by law, as a condition. No person is bound to accept the office of collector, but, if he does, he takes it subject to the burdens which the law imposes on the holding of it. Nor, after he takes it, is he compelled to appoint a deputy, under section 22 of the act of 1799. The provision is permissive only. But, if he avails himself of it, and appoints a deputy, with the incidental advantage to himself of being able, under the section, to perform, by deputy, while occasionally and necessarily absent or sick, the duties of the office, and thus enjoy, while so absent or sick, its emoluments, he makes such appointment of a deputy subject to the condition imposed by the statute, that, on his own death, the duties and authorities of the office devolve on such deputy, and his own estate becomes liable, after his death, for the conduct of such deputy, while administering the office. Under the section, but one appointment of a deputy, for any purpose, can be in force at any one time. The same person, when designated, is to act in the cases of absence, sickness, disability, and death; and the collector, in availing himself of the privilege of performing the duties of his office, during his lifetime, while absent or sick, by such deputy, must take on himself all the liabilities which the designation of such deputy imposes. And there is nothing unreasonable in making the estate of the deceased collector liable for the conduct of the deputy, or in withholding from it, notwithstanding such liability, the emoluments of the office, during the term of such liability. The liability is imposed because the collector has the sole and unresrticted designation of the deputy. No superior officer of the government has any voice in approving or disapproving, confirming or rejecting, such appointment. Hence, the manifest propriety of holding the estate of the deceased collector liable for the conduct of the deputy after the death of the collector, so long as such deputy continues to act as the agent of the government, under a designation made by the deceased collector. But there would be no propriety in giving to the estate of the deceased collector the emoluments of the office during such period. The right to the compensation attached to an office grows out of the discharge of the duties of such office, and its emoluments do not belong to a person who does not discharge its duties. Conner v. City of New York, 1 Seld. [5 N. Y.] 296.

I do not think that the fact that the defendant has, with or without the assent of the government, continued to receive, during the period in question, the salary appertaining to the office of assistant collector of customs at the port of New York, has any bearing upon the question of the right of Mr. King's estate to the emoluments of the office of collector during that period.

In passing on the question involved, I only decide that Mr. King's estate is not entitled to those emoluments. I do not mean to decide that the defendant is entitled to retain them. Whether there is any thing in the fact that the defendant accepted the salary of assistant collector, that precludes him from claiming the emoluments of the office of collector during the same period; or whether there was such an incompatibility between his acting as collector and his being assistant collector, as to make it impossible for him to hold both offices, and to authorize the government to call upon him to elect which office he would hold, and whether he has, in fact, made such election in favor of the assistant collectorship; or whether, under the general rule and practice, that, where an officer holding one office is authorized to perform the duties of another, he may receive the emoluments of the office which he is thus temporarily filling, but cannot receive his own at the same time, the defendant may have the emoluments of the collectorship on relinquishing those of the assistant collectorship; or whether, if he would be otherwise entitled to the emoluments of the office of collector, he is not entitled to them because of his not having taken, on the death of Mr. King, the oath required by the 4th section of the act of June 1, 1789 (1 Stat. 23), or the oath required by the 20th section of the act of March 2, 1799 (5 Stat. 641); or whether, as to so much of such emoluments as consists of fines, penalties, and forfeitures, the naval officer of the district and the surveyor of the port, are, under section 91 of the same act (5 Stat. 697), entitled to what would have been Mr. King's share of the same if he had lived, on the ground that, within the meaning of that section, there was no collector in the district, until such a successor to Mr. King as the 22d section of that act speaks of, was duly appointed—are questions not involved in this case, and in regard to which I neither express nor intimate any opinion.

The bill must be dismissed, with costs.